UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Servotronics, Inc., <br><br> Petitioner, <br><br> v. <br><br> Rolls-Royce PLC, <br><br> Intervenor. | Case No. 0:20-mc-81-JRT-KMM <br><br> **ORDER** |

Currently pending before the Court is an application pursuant to 28 U.S.C. §1782 seeking an order permitting the deposition of a Minnesota resident for use in a foreign arbitration proceeding. Rather than rule on the pending request at this time, the Court has determined that a stay is appropriate in this matter for the reasons set forth below.

**Background**

This case concerns Servotronics, Inc.'s, application to take discovery for use in a foreign proceeding pursuant to 28 U.S.C. § 1782. [ECF No. 1]. In 2018, Servotronics filed a similar application in the district of South Carolina. *In re Servotronics, Inc.*, No. 2:18-mc-00364-DCN, 2018 WL 5810109 (D.S.C. Nov. 6, 2018). There, Servotronics sought to depose witnesses to an incident at issue in an ongoing arbitration action against Servotronics in London, England. [Pet. 2, ECF No. 1]. Holding that a United Kingdom private arbitration panel was not a "foreign or international tribunal" for purposes of § 1782, the South Carolina district court denied Servotronics' application. *Servotronics, Inc. v. Boeing Co.*, 954 F.3d 209, 209 (4th Cir. 2020). In 2020, the Fourth Circuit

1

reversed, holding that the language of § 1782 did in fact extend to the arbitration panel. *Id.*

After the Fourth Circuit remanded the case for further proceedings, Servotronics learned that one of the witnesses it was trying to depose had moved from South Carolina and now resides in Minnesota. [Pet'r's Mem. 4, ECF No. 2]. Accordingly, Servotronics filed the instant application, seeking an order from this Court requiring the deposition. The claimant in the England arbitration—Rolls-Royce PLC—intervened in this matter and opposes the application. [Order, ECF No. 17].

In 2019, while the South Carolina applications were being litigated, Servotronics filed another § 1782 application in the District of Illinois, seeking an order allowing it to serve Boeing Company with a subpoena for documents for use in the same overseas arbitration. *In re Servotronics, Inc.*, No. 18-cv-7187, 2019 WL 9698535 (N.D. Ill. Apr. 22, 2019). The district court granted the application, but Rolls-Royce intervened and filed a successful motion to quash the subpoena. Following an appeal by Servotronics, The Seventh Circuit Court of Appeals affirmed, holding that private arbitration tribunals were not "foreign or international tribunals" under § 1782—expressly declining to adopt the Fourth Circuit's recent interpretation. *Servotronics, Inc. v. Rolls-Royce PLC*, 975 F.3d 689, 691, 693–94 (7th Cir. 2020). This created a circuit split where both competing decisions arise from a single foreign arbitration.

On December 7, 2020, Servotronics petitioned the Supreme Court of the United States for a writ of certiorari, seeking review of the Seventh Circuit's decision. On March 16, 2021, this Court held a status conference, during which, "[b]ecause the arbitration

underlying the §1782 petition in this matter is scheduled to go ahead in just under two months, the Court determined that a stay would not be in the interest of justice." [Minutes, ECF No. 22].

After the status conference, Servotronics provided the Court with the arbitration panel's decision to proceed with the final hearing on May 10, 2021—regardless of whether Servotronics obtains the deposition it seeks here. [Letter, ECF No. 23]. And, most relevant to this order, on March 22, 2021, the Supreme Court granted Servotronics' certiorari petition. The question to be addressed by the Court is:

> Whether the discretion granted to district courts in 28 U.S.C. §1782(a) to render assistance in gathering evidence for use in "a foreign or international tribunal" encompasses private commercial arbitral tribunals, as the Fourth and Sixth Circuits have held, or excludes such tribunals without expressing an exclusionary intent, as the Second, Fifth, and, in the case below, the Seventh Circuit, have held.

*Servotronics, Inc. v. Rolls-Royce PLC*, No. 20-794, 2021 WL 1072280 (U.S. 2021).[1] The Supreme Court's decision to address the very issue now before this Court has changed the Court's assessment regarding the propriety of a stay.

**Analysis**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936);

---

[1] The Supreme Court's statement of the issue presented, as well as other documents filed in connection with this review, can be found on the Supreme Court's website at: https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/20-794.html

3

*Emerson Elec. Co. v. Black & Decker Mfg. Co.*, 606 F.2d 234, 237 n.6 (8th Cir. 1979). A "federal court has inherent power to stay, sua sponte, an action before it." *Crown Cent. Petroleum Corp. v. Dep't of Energy*, 102 F.R.D. 95, 98 (D. Md. 1984) (citing *Landis*, 299 U.S. at 254–55). Whether to stay a proceeding is within the court's broad discretion, so long as it comports with considerations of judicial economy and equity. *Sierra Club v. U.S. Army Corps of Engineers*, 446 F.3d 808, 816–17 (8th Cir. 2006); *see Kircher v. Putnam Funds Trust*, Nos. 06-cv-939-DRH, 06-cv-1001-DRH, 2007 WL 1532116, at *2 (S.D. Ill. May 24, 2007) (collecting cases). Against this backdrop, the Court determines that a stay is appropriate.

     Admittedly, the Court recently determined that a stay of this matter would be improper. [Minutes, ECF No. 22]. However, it was unknown at that time when the Supreme Court would rule on Servotronics' petition, and the odds of the Court granting review in any individual matter are not high. Now, however, the Supreme Court *has* accepted review of the Seventh Circuit's decision, and it is certain that the Court will address the very question now before this Court. Therefore, the Court finds that a stay is proper.

     First, there is a prominent split between the circuits to have addressed the precise issue before this Court—namely, whether foreign private arbitration falls within the purview of § 1782. *See Servotronics*, 975 F.3d at 693 (summarizing the split). Second, there is no Eighth Circuit precedent on this issue, so the Court would have to independently interpret the very same statutory language that is presently pending interpretation by the Supreme Court. Finally, this is not a stay pending resolution of a

legal issue that merely has some possible bearing on this case. The matter before the Supreme Court *is* this case, albeit involving a different subpoena. The matter before the Supreme Court involves the same parties, seeking resolution of the same issue and for the same reasons, as here; and it is worth noting that this very question has already been addressed by two other circuit courts of appeals with contradictory results. Moreover, it is very likely that, whatever decision this Court reaches, the losing party will appeal the order, first to the District Court, and then to the Eighth Circuit. Each level of review will be aware that, as it grapples with the application of § 1782 to the circumstances of this case, the Supreme Court does as well. Under these circumstances, the Court concludes that staying this matter until the Supreme Court answers the critical issue would be more efficient and practical than the alternative. Accordingly, the Court concludes that a stay is proper.

     The Court is aware that this stay may increase the risk that Servotronics' § 1782 application becomes moot. The arbitration panel has determined, it seems, that it will proceed with the final hearing on May 10, 2021—with or without the discovery Servotronics seeks here or in the other pending proceedings. However, that is an issue on which the arbitration panel has the last word. It is up to the panel to decide whether, in light of the Supreme Court's decision, it should stay further proceedings, and that panel is in a far better position than this Court to understand the importance of the deposition at issue here to the matters on their plate. The Court declines to rush a decision here for the purpose of accommodating a schedule set by the arbitration panel in its discretion, particularly where the panel set that schedule with full awareness of the pending Supreme

Court petition. If the panel decides that the deposition is necessary to a full and fair resolution, it can revisit its decision to go ahead with the hearing on May 10.

**ACCORDINGLY**, this matter is stayed pending the Supreme Court of the United States' review of *Servotronics, Inc. v. Rolls-Royce PLC*, No. 20-794, 2021 WL 1072280 (U.S. 2021).

**IT IS SO ORDERED.**

Date: April 1, 2021                                         s/ *Katherine Menendez*
                                                                                      Katherine Menendez
                                                                                      United States Magistrate Judge